**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION**

HOLLISTER INCORPORATED, an
Illinois corporation,

    Plaintiff,

v.                                                    Case No. 3:13-cv-132-J-32PDB

ZASSI HOLDINGS, INC., a Florida
corporation and PETER VON DYCK,
an individual,

    Defendants.

## **O R D E R**

This case is before the Court on Plaintiff Hollister Incorporated's Opening Claim Construction Brief (Doc. 106). After the jury trial on the liability phase of this case was completed earlier this year (see Doc. 73), the parties submitted proposed schedules for the patent infringement and damages phase (Docs. 79, 81.) The Court subsequently set in place a schedule for identifying and exchanging claims of the patent at issue, U.S. Patent No. 7,722,583 ("the '583 patent"), that need construction and deadlines for filing claim construction briefs. (Doc. 91.) The Court also provisionally reserved November 18, 2014 for a claim construction hearing, notifying the parties that it would issue a notice either confirming or canceling the hearing once claim construction briefing was complete. (Doc. 92.)

Initially, both the plaintiff and the defendants filed notices identifying claims to be construed and proposing constructions. (Docs. 93, 94, 95, 96, 97.) After those

filings, the Court granted the defendants' consent motion for an extension of time until September 17, 2014 to file their initial claim construction briefs, with responsive briefs due on or before September 24, 2014. (Doc. 104.) On September 16, 2014, the defendants filed a notice withdrawing their request for claim construction. (Doc. 105.) The next day, the plaintiff filed its opening claim construction brief. (Doc. 106). The defendants have filed no responsive brief, and the time in which to do so has passed. (See Doc. 104.) Plaintiff's claim constructions are therefore unopposed.

"When the parties present a fundamental dispute regarding the scope of a claim term, it is the court's duty to resolve it." O2 Micro Int'l Ltd. v. Beyond Innovation Tech. Co., 521 F.3d 1351, 1362 (Fed. Cir. 2008). Patent claims are construed by the Court as a matter of law. Cybor Corp. v. FAS Techs., Inc., 138 F.3d 1448, 1454-56 (Fed. Cir. 1998) (en banc). However, a court need construe "only those terms . . . that are in controversy, and only to the extent necessary to resolve the controversy." Vivid Techs., Inc. v. American Science & Eng'g, Inc., 200 F.3d 795, 803 (Fed. Cir. 1999); see also U.S. Surgical Corp. v. Ethicon, Inc., 103 F.3d 1554, 1568 (Fed. Cir. 1997) ("Claim construction is a matter of resolution of disputed meanings and technical scope, to clarify and when necessary to explain what the patentee covered by the claims, for use in the determination of infringement. It is not an obligatory exercise in redundancy.")

With no claim terms any longer in dispute, and finding plaintiff's proposed constructions both appropriate and understandable by a jury, the Court determines that the provisionally-set claim construction hearing is unnecessary and adopts plaintiff's proposed constructions of the claim terms "balloon" and "coincident."

Accordingly, it is hereby

**ORDERED:**

1. The Court construes the term "balloon," as used in claims 1 and 13 of the '583 patent, to mean "a distensible device used to stretch or occlude a viscus or blood vessel."

2. The Court construes the term "coincident," as used in claims 1 and 13 of the '583 patent, to mean "occupying the same area in space."

3. The claim construction hearing provisionally set for November 18, 2014, at 9:30 a.m., is **CANCELED**.

**DONE AND ORDERED** at Jacksonville, Florida this 2nd day of October, 2014.

TIMOTHY J. CORRIGAN
United States District Judge

bjb
Copies:

Counsel of record