UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

Hollister, Inc.,                                                        Case No. 3:13-cv-132

                Plaintiff,

v.                                                                         **MEMORANDUM AND ORDER**

Zassi Holdings, Inc. and
Peter von Dyck,

                Defendants.

---

This matter is before the Court on Defendants' Motion for a New Trial. For the reasons that follow, the Motion is denied.

**BACKGROUND**

In early February 2014, this Court held a four-day jury trial on the liability issues in this case alleging breach of contract and fraudulent misrepresentation.[1] The crux of the parties' dispute is Plaintiff Hollister, Inc.'s contention that Defendants Peter von Dyck and his company, Zassi Holdings, Inc., misrepresented to Hollister the scope of a release of claims between Zassi and a competitor. After Hollister purchased medical technology from Zassi, Hollister tried to enforce its newly acquired patents against this competitor. The competitor successfully defended the lawsuit because of a broad release of claims between the competitor and Zassi that included the technology Hollister purchased.

The jury found that Zassi and von Dyck misrepresented the contents of the release to

---

[1] The Court had previously bifurcated the liability and damages issues into separate trials. (Docket No. 26.)

Hollister and thereby breached the parties' Asset Purchase Agreement and committed fraud against Hollister.  (Verdict Form (Docket No 77)).)

The Court did not enter judgment after the jury's February 10, 2014, verdict because the issue of damages remained to be determined.  No post-trial motion practice followed the jury's verdict, aside from Defendants' oral motion for a directed verdict.  (Docket No. 71.)  The Court denied that motion contemporaneously.  (Docket No. 72.)

The damages issue was set for discovery and trial, with a trial date of May 4, 2015.  (Docket No. 91.)  Less than six weeks before that date, and little more than one month before the final pretrial conference on the damages issue, Defendants filed the instant Motion, seeking a new trial on liability.

In the Motion, Defendants raise two distinct issues.  The first relates to a document that Defendants contend was erroneously excluded from evidence in the liability-phase trial.  The second contends that Defendants were not entitled to claim fraud as a matter of law because of a no-reliance clause in the Asset Purchase Agreement.

**DISCUSSION**

The Rules permit a party to move for a new trial within 28 days of the entry of judgment. Fed. R. Civ. P. 59(b).  In this case, because the issues were bifurcated, there was no entry of judgment after the verdict on liability.  However, the liability issue was a final adjudication of that distinct issue on which judgment could have been entered.  See id. R. 54(b).  That the Court did not do so does not excuse Defendants' unreasonable delay in bringing this Motion.  Having waited more than 13 months after the liability verdict, the

Motion is clearly untimely under the spirit, if not the letter, of Rule 59.

Even if Defendants could plausibly contend that they did not realize the basis for their Motion until after a January 2015 deposition, Defendants still waited nearly two months after that deposition to file the instant Motion. Defendants' lack of diligence is not to be condoned.

But even if timely, and even if Defendants had exercised diligence in bringing the Motion, the Motion fails on its merits, as discussed below.

**A.    Due Diligence Checklist**

Defendants contend that the Court erred in excluding a document from evidence that could have convinced the jury that Hollister's claims regarding the release were not credible. This document is a Due Diligence Checklist that Hollister produced during discovery. A blank copy of this checklist was introduced into evidence; the copy that Defendants contend should have been introduced contained unidentified and somewhat indecipherable handwriting in its margins. During trial, Hollister's witnesses consistently stated that they did not author the checklist, that they had not seen this checklist, and that the writing on the document was not theirs. Defendants claim that Hollister knew that the writing on the document belonged to John Swanson, a Hollister employee, but that Hollister concealed this fact from Defendants and led the Court to believe that the document was not a business record.

As an initial matter, it was Defendants' burden, not Hollister's, to establish that the document in question was admissible as a business record. Hollister points out that

Defendants did not conduct any depositions before the liability phase of the trial, and that Defendants listed Mr. Swanson as a witness but did not call him. Had Defendants deposed Mr. Swanson before the liability phase, they would have learned who made the notations on the documents. Because Defendants' own lack of diligence caused the alleged error in the admission of the document, Defendants may not now raise that alleged error.

But regardless of the Defendants' actions or lack thereof, the document is not the smoking gun Defendants believe it is. At best, it contains some cryptic notations that, read in a certain light, might indicate that someone at Hollister at some point thought that the release related to the technology Hollister purchased from Zassi. But a jury could just as easily have disregarded these notations as indecipherable and inconsistent with the great weight of the evidence.

A motion for a new trial requires a showing that the verdict was against the weight of the evidence, or that the Court committed substantial errors in the admission or rejection of evidence or in its instructions to the jury. Montgomery Ward & Co. v. Duncan, 311 U.S. 243, 251 (1940). Defendants' Motion fails because Defendants have not established that the Court erroneously excluded the document from evidence. Defendants did not lay the proper foundation for the document, and their failure to do so is entirely their own. There was no substantial error in the Court's determination that the document was hearsay and was not admissible under any hearsay exception.

**B.      No-Reliance Clause**

Defendants contend that they raised this issue in their directed-verdict motion by

claiming that there was no evidence to support Hollister's fraud claim. But an argument that there was a failure of proof as to a factual issue is very different from the argument Defendants make here, which is that Hollister's fraud claim is legally untenable.

Reliance is a central element of a fraud claim, and in this case the jury specifically found that Hollister relied to its detriment on material misrepresentations made by both Zassi and von Dyck. (Verdict Form Questions 2.e, 3.e.) At no point during the discussion of the verdict form or the jury instructions did Defendants argue that Hollister's fraud claim failed as a matter of law because of the existence of a no-reliance clause in the Asset Purchase Agreement. Nor did Defendants argue this issue in their immediate post-trial motions. Having failed to raise that issue at any point, Defendants are barred from raising it now.

**CONCLUSION**

Defendants' Motion for a New Trial is without merit. Accordingly, it is hereby ordered that the Motion (Docket No. 130) is **DENIED**.

Dated:  May 6, 2015 

                                         *s/Paul A. Magnuson*  
                                        Paul A. Magnuson  
                                        United States District Court Judge