**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**JACKSONVILLE DIVISION**

HOLLISTER INCORPORATED, an
Illinois corporation,

    Plaintiff,

v.                                                                            Case No. 3:13-cv-132-J-32PDB

ZASSI HOLDINGS, INC., a Florida
corporation and PETER VON DYCK,
an individual,

    Defendants.

## O R D E R

    This case is before the Court on Defendant Peter von Dyck's Motion to Compel Discovery (Doc. 163), to which Plaintiff Hollister Incorporated has filed a response in opposition (Doc. 165). Non-party ConvaTec, Inc. has not filed a response. Upon review of the filings, and in light of the Court's discussion with the parties regarding these issues at the Final Pretrial Conference on October 21, 2015 (Doc. 160), the Court finds that the motion is due to be denied.

    Von Dyck requests that the Court compel Hollister and ConvaTec to produce: (1) an executed copy of the confidential settlement agreement, including all amendments, between ConvaTec and Hollister concerning Case No. 1:10-cv-06431 ("ConvaTec case");[1] and (2) all unredacted copies of pleadings filed in the ConvaTec

---

[1] Hollister has produced the settlement agreement, rendering the first part of von Dyck's request moot. (Doc. 165 at 3, n.1).

case that each party has in its custody or control.[2] (Doc. 163 at 1). In response, Hollister argues that the motion is extremely untimely, and that, regardless, the requested documents have no relevance to the impending damages trial. (Doc. 165). Moreover, Hollister notes that von Dyck fails to state the reasons for which he needs the unredacted filings, when redacted versions are available on PACER, and that the filings are in storage and would be difficult for Hollister to retrieve.

First, the motion is exceptionally untimely. See Pushko v. Klebener, No. 3:05-cv-211-J-25HTS, 2007 WL 2671263, *2 (M.D. Fla. 2007) ("Motions to compel must be brought in a timely manner."). Discovery closed on January 9, 2015 (Doc. 119), and von Dyck now moves to compel the unredacted evidence almost ten months later—just a few weeks before the damages trial begins on December 7, 2015. See AB Diversified Enterprises, Inc. v. Global Transport Logistics, Inc., No. 06-21308-CIV-LENARD/TORRES, 2007 WL 1362632, *1 (S.D. Fla. 2007) ("[A] motion to compel filed more than two months after the discovery cutoff is clearly untimely."). In addition, von Dyck acknowledges that he already sought discovery of this evidence from ConvaTec and Hollister (Doc. 163 at 1-2), both of which objected and refused to produce the evidence on December 15, 2014 and January 9, 2015, respectively (see Doc. 163-1, 163-2). The Middle District Discovery Handbook provides that, "[u]pon receipt of objectionable discovery, a party has a duty to seek relief immediately, i.e., without waiting until the discovery is due or almost due." Middle District Discovery, A

---

[2] Von Dyck alternatively seeks ConvaTec and Hollister's consent to the United States District Court for the Northern District of Illinois granting von Dyck access to these pleadings for use pursuant to any protective orders as the Court sees fit.

2

Handbook on Civil Discovery Practice in the United States District Court for the Middle District of Florida § VII(B). Notwithstanding the long delay, von Dyck also provides no grounds for it.[3] The Court will not entertain the motion due to von Dyck's lack of diligence. See Eli Research, LLC v. Must Have Info Inc., No. 2:13-CV-695-FTM-38CM, 2015 WL 4694046, at *2 (M.D. Fla. Aug. 6, 2015) (denying motion to compel production of unredacted documents filed three days after discovery deadline).

Further, additional grounds to deny the motion exist. At the Final Pretrial Conference, von Dyck stated that he would seek to obtain the unredacted pleadings from the ConvaTec case. While the Court agreed to take judicial notice of publicly available pleadings, the undersigned noted that he could not order the files in another court unredacted, and that von Dyck should address the redaction issue with the Illinois court. Accordingly, that portion of the motion is not properly before this Court.

Finally, von Dyck has failed to show that the unredacted documents are necessary to his case. While he argues that a denial of this motion will deprive him of the ability to present several defenses (Doc. 163 at 3), as von Dyck acknowledged at the hearing, the relevance of the unredacted material is speculative.

---

[3] The Court is aware that von Dyck's current counsel only recently began his representation of the defendant in this case. (Doc. 153). However, these circumstances do not excuse von Dyck's prior counsel's failure to file a motion to compel at the appropriate juncture of the case.

3

Accordingly, it is hereby

**ORDERED:**

Defendant Peter von Dyck's Motion to Compel Discovery (Doc. 163) is **DENIED**.

**DONE AND ORDERED** in Jacksonville, Florida the 23rd day of November, 2015.

TIMOTHY J. CORRIGAN
United States District Judge

sj
Copies to:

Counsel of record